United States District Court
Southern District of Texas

**ENTERED**

November 22, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EUROTHREADS LLC,                    §
                                    §
            Plaintiff,              §
                                    §
v.                                  §      CIVIL ACTION NO. H-21-0601
                                    §
MEDSTHETICS LLC,                    §
                                    §
            Defendant.              §

## MEMORANDUM OPINION AND ORDER

Plaintiff, EuroThreads LLC ("Plaintiff"), filed suit in the District Court of Harris County on January 27, 2021, against defendant Medsthetics LLC ("Defendant").[1] Plaintiff asserts claims for trade secret misappropriation, breach of fiduciary duty, tortious interference with contracts, unfair competition in violation of 15 U.S.C. § 1125(a), civil conspiracy, and breach of contract.[2] Pending before the court is Defendant Medsthetics LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim ("Defendant's Motion to Dismiss" or "Defendant's MTD") (Docket Entry No. 45). For the

---

[1]Plaintiff's Original Petition and Rule 194 Request for Disclosure ("Complaint"), Exhibit 2 to Defendant Medsthetics Notice of Removal of Action Under 28 U.S.C. §§ 1332, 1441, 1446 (Diversity Jurisdiction) ("Notice of Removal"), Docket Entry No. 1-2, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Id. at 3-5.

reasons stated below, Defendant's Motion to Dismiss will be granted in part and denied in part.

## I.   Factual and Procedural Background

### A.   Procedural History

Plaintiff filed its Complaint in Harris County District Court on January 27, 2021.[3]  Defendant removed the case to this court on February 24, 2021.[4]  Defendant filed its Motion to Dismiss on September 16, 2022.[5]  Plaintiff filed Plaintiff's Response to Medsthetics LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim ("Plaintiff's Response") (Docket Entry No. 48) on October 14, 2022.[6]  Defendant filed Defendant Medsthetics LLC's Reply in Further Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim ("Defendant's Reply") (Docket Entry No. 49) on October 21, 2022.[7]

### B.   Plaintiff's Allegations

"Plaintiff, EuroThreads, LLC, is a Domestic Limited Liability Company whose principal place of business is located in 1621

---

[3]Id. at 1.

[4]Notice of Removal, Docket Entry No. 1.

[5]Defendant's MTD, Docket Entry No. 45, p. 1.

[6]Plaintiff's Response, Docket Entry No. 48.

[7]Defendant's Reply, Docket Entry No. 49.

Central Avenue, Cheyenne, Wyoming 82001."[8]  Defendant Medsthetics
is a New York Limited Liability Company with its offices in
New York.[9]

"On September 6, 2018, [Plaintiff and Defendant] executed an
Independent Sales Organization Agreement (the "ISO")."[10]  "The ISO
licensed [Defendant] and its representatives to order and place
[Plaintiff]'s cosmetic threads in patients."[11]  "The ISO includes
terms governing the relationship and obligates [Defendant] with
non-competition and non-solicitation covenants."[12]

Defendant "failed to comply with its management and training
obligations.  Moreover, [Defendant] took unauthorized orders in
direct contradiction to [Plaintiff]'s authority and instruction not
to do so.  [Defendant] has also attempted to steal [Plaintiff]'s
clients and representatives."[13]  "On January 26, 2021, [Plaintiff]
issued correspondence to [Defendant] instructing it to cease and
desist from the aforementioned conduct and terminating the ISO for

_____

[8]Complaint, Exhibit 2 to Notice of Removal, Docket Entry
No. 1-2, p. 1 ¶ 2.

[9]Id. at 2 ¶ 3; Declaration of Giselle Karounis in Support of
Medsthetics LLC's Motion to Dismiss for Lack of Personal
Jurisdiction, Improper Venue, and Failure to State a Claim
("Karounis Declaration"), Exhibit B to Defendant's MTD, Docket
Entry No. 45-2, p. 1 ¶¶ 2-3.

[10]Complaint, Exhibit 2 to Notice of Removal, Docket Entry
No. 1-2, p. 2 ¶ 7.

[11]Id.

[12]Id. at 3 ¶ 7.

[13]Id. ¶ 8.

cause."[14]   "Provisions prohibiting [Defendant] from soliciting [Plaintiff]'s clients and representatives survive the ISO's termination."[15]

## C.   The ISO Agreement

Plaintiff offers the Independent Sales Organization (ISO) Agreement ("ISO Agreement") in opposition to Defendant's Motion to Dismiss.   The ISO Agreement authorized Defendant to sell Plaintiff's products in exchange for a commission.[16]   It states that Defendant "shall not carry additional competing product lines without the full knowledge and written consent of" Plaintiff and that it will not "engage in any business activity which is competitive with" Plaintiff.[17]   It also states that "[d]uring the term of this agreement, and for one (1) year immediately thereafter, [Defendant] agrees not to solicit any employee or independent contractor of [Plaintiff] on behalf of any other business, enterprise, nor shall [Defendant] induce any employee or independent contractor" of Plaintiff to breach their contract with Plaintiff.[18]   The ISO Agreement states that it is to be construed according to Texas law.[19]

---

[14]Id. ¶ 9.

[15]Id.

[16]ISO Agreement, Exhibit A to Plaintiff's Response, Docket Entry No. 48-1, p. 2 ¶¶ 1-2(a).

[17]Id. at 3 ¶ 8(a), (b).

[18]Id. ¶ 9(a).

[19]Id. ¶ 15.

**D.   Tamara Moore's Affidavit**

Plaintiff also offers the Affidavit of Tamara Moore ("Moore Affidavit").[20]   Moore states that she is Plaintiff's Director of Operations and has personal knowledge of Defendant's "contract with [Plaintiff], Defendant's Texas clients, Wendy Germond's scope of employment as a sales representative for [Defendant] in Texas, and [Plaintiff's] clients that [Defendant] solicited and signed in violation of the non-solicitation and non/compete clauses in [Defendant's [ISO]] Agreement with" Plaintiff.[21]   Moore states that Defendant employed "Wendy Germond in Texas beginning in February 2019," and that Germond was responsible for "communicating with [Defendant's] clients for sales, soliciting new accounts for [Defendant] by promoting [Plaintiff's] treatments to potential customers, providing customer service support for [Defendant's] clients, arranging and providing Eurothread[s] training sessions for [Defendant's] new clients, and filling thread orders for [Defendant's] clients."[22]   Moore states that Germond "was paid by [Defendant] on a commission basis for her work as a Medsthetics sales representative in Texas."[23]   For example, Germond earned $20,042.10 in commissions in October 2020.[24]

---

[20]Moore Affidavit, Exhibit B to Plaintiff's Response, Docket Entry No. 48-2, p. 2.

[21]Id. at 2.

[22]Id. at 2-3.

[23]Id. at 3.

[24]Id.

Moore states that Defendant "solicited [Plaintiff's] clients, including Texas clients, for the purpose of selling them competing, non-Eurothreads products and services." Moore provides a list of ten of Plaintiff's clients in Texas that Defendant "solicited and signed as new accounts in competition with" Plaintiff.[25]

## E.   Karounis Declaration

Defendant offers the Karounis Declaration in support of its arguments that this court lacks personal jurisdiction and that it should transfer the case to the Southern District of New York.[26] Karounis states that she is the sole proprietor of Defendant.[27]

Karounis states that neither she nor Defendant is a Texas resident, that she has never been to Texas, that Defendant has no real property and no office in Texas, that Defendant "does not have any bank accounts in Texas, has never paid real or personal property taxes in Texas, does not have a telephone listing in Texas, and does not advertise its services in Texas."[28] Karounis states that "[t]he only connections between this dispute and Texas are (i) the contract's choice of law provision and (ii) one Medsthetics independent contractor—Wendy Germond—who promotes and

---

[25] Id.

[26] Defendant's MTD, Docket Entry No. 45, p. 8.

[27] Karounis Declaration, Exhibit B to Defendant's MTD, Docket Entry No. 45-2, p. 1 ¶ 2.

[28] Id. at 1-2 ¶¶ 3-5.

sells [Plaintiff's] products in Texas."[29]  She states that Germond "was not a contractor when [the parties] executed the contract in 2018."[30]

Karounis asks "that if the Court does not dismiss this case for lack of jurisdiction, that it be transferred to the United States District Court for the Southern District of New York. I have always maintained [Defendant's] offices in Nanuet, New York; all business decisions have been made in New York; all of [Defendant's] records are maintained in New York; and any conduct — to the extent it can be ascertained at all from [Plaintiff's] complaint — was undertaken in New York."[31]

## II.  <u>Legal Standard</u>

A.   **Rule 12(b)(2) Personal Jurisdiction**

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." <u>McFadin v. Gerber</u>, 587 F.3d 753, 759 (5th Cir. 2009), <u>cert. denied</u>, 131 S. Ct. 68 (2010). Since the Texas long-arm statute extends as far as constitutional

---

[29]<u>Id.</u> at 2 ¶ 9.

[30]<u>Id.</u> ¶ 10.

[31]<u>Id.</u> at 3 ¶ 12.

due process allows, the court considers only the second step of the inquiry. Id.

Exercise of personal jurisdiction over a nonresident defendant comports with federal due process when (1) the nonresident defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 66 S. Ct. 154, 158 (1945) (quoting Milliken v. Meyer, 61 S. Ct. 339, 343 (1940)).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001). "For specific jurisdiction to be proper, Due Process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." In re Chinese-Manufactured Drywall Products Liability Litigation, 753 F.3d 521, 539-40 (5th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(2) permits a party to assert by motion the absence of personal jurisdiction. "When personal jurisdiction is challenged, the plaintiff 'bears the burden of establishing the district court's jurisdiction over the defendant.'" Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d

-8-

338, 343 (5th Cir. 2002), <u>cert. denied,</u> 124 S. Ct. 66 (2003) (quoting <u>Mink v. AAAA Development LLC,</u> 190 F.3d 333, 335 (5th Cir. 1999)). "Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable." <u>Sangha v. Navig8 ShipManagement Private Ltd.,</u> 882 F.3d 96, 102 (5th Cir. 2018). "The defendant must make a 'compelling case.'" <u>Id.</u> (quoting <u>Burger King Corp. v. Rudzewicz,</u> 105 S. Ct. 2174, 2185 (1985)).

"When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a <u>prima facie</u> case that personal jurisdiction is proper.'" <u>Quick Technologies,</u> 313 F.3d at 343-344 (quoting <u>Wilson v. Belin,</u> 20 F.3d 644, 648 (5th Cir.), <u>cert. denied,</u> 115 S. Ct. 322 (1994)). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" <u>Id.</u> at 344 (quoting <u>Thompson v. Chrysler Motors Corp.,</u> 755 F.2d 1162, 1165 (5th Cir. 1985)). The court must accept the plaintiff's "uncontroverted, nonconclusional factual allegations as true and resolve all controverted allegations in the plaintiff's favor." <u>Panda Brandywine Corp. v. Potomac Electric Power Co.,</u> 253 F.3d 865, 868 (5th Cir. 2001).

## B.   28 U.S.C. § 1404(a) Change of Venue

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In determining whether transfer under § 1404(a) is warranted, the Fifth Circuit looks to the public and private interest factors identified in Gulf Oil Corp. v. Gilbert, 67 S. Ct. 839 (1947).  See In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008).  "The private interest factors are:  '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'"  Id.  "The public interest factors are:  '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'"  Id.  "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."  Id.  The burden is on the party seeking transfer to show "good cause."  Id.

## C.   Rule 12(b)(6) Failure to State a Claim

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the

-10-

complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III.   Analysis

**A.   Rule 12(b)(2) Personal Jurisdiction**

The claims in this case arise out of Defendant's alleged solicitation of Plaintiff's clients and representatives. Moore stated that Defendant solicited at least ten of Plaintiff's clients in Texas. By soliciting a substantial number of Plaintiff's Texas clients and hiring Germond to market products in Texas, Plaintiff established minimum contacts with Texas. It is unclear what role Germond played in the conduct alleged in the Complaint. But Plaintiff's adequately pled claims arise primarily out of Defendant's alleged solicitation of Plaintiff's clients, including Plaintiff's Texas clients.

Based on Plaintiff's affidavit evidence of Defendant's contacts with Texas and because Plaintiff's claims arise out of

those contacts, Plaintiff has made a prima facie showing that this court has specific jurisdiction over Defendant in this case. This is reinforced by the fact that the ISO Agreement included a Texas choice of law clause. See Pervasive Software Inc. v. Lexware GmbH & Co. KG, 688 F.3d 214, 223 (5th Cir. 2012). The burden then shifts to Defendant to "make a 'compelling case'" "that the assertion of jurisdiction is unfair and unreasonable." Sangha, 882 F.3d at 102. Defendant has not made this showing, offering only the bare assertion that Plaintiff "has not shown it is fair and reasonable for a Texas court to exercise jurisdiction over a New York LLC being sued by a Wyoming LLC."[32] The lack of a party incorporated or based in the forum is not enough to show that personal jurisdiction is unfair or unreasonable. Because Plaintiff has shown that its claims arise out of Defendant's minimum contacts with Texas and because Defendant has failed to show how the exercise of personal jurisdiction over Defendant would be unreasonable, Defendant's Motion to Dismiss will be denied as to personal jurisdiction.

## B.   28 U.S.C. § 1404(a) Change of Venue

Defendant asks the court in the alternative to transfer the case to the Southern District of New York under 28 U.S.C. § 1404(a). Defendant does not address the public and private interest factors governing transfer under § 1404(a). Defendant

---

[32]Defendant's Reply, Docket Entry No. 49, p. 3.

-12-

states that she and her records are located in New York, and that
she "would therefore be inconvenienced by having to travel to this
Court for hearings and trial in this matter."[33]  That is not enough
to show that the Southern District of New York is "clearly more
convenient" than this court.  See In re Volkswagen, 545 F.3d at
315.  Defendant's Motion to Dismiss will therefore be denied as to
the requested change of venue.

## C.   Rule 12(b)(6) Failure to State a Claim

Defendant asks in the alternative that the court dismiss four
of Plaintiff's claims — trade secret misappropriation, tortious
interference with a contract, "unfair competition," and civil
conspiracy — for failure to state a claim under Rule 12(b)(6).
Plaintiff fails to cite the elements of these claims and to explain
what facts support those elements.

Regarding misappropriation of trade secrets, Plaintiff has not
identified any trade secret, breach of a confidential relationship,
unauthorized use of a trade secret by Defendant, or damages.  See
Universal Plant Services, Inc. v. Dresser-Rand Group, Inc., 571
S.W.3d 346, 360 (Tex. App.—Houston [1st Dist.] 2018).

Regarding tortious interference, Plaintiff merely states that
Defendant "has, on information and belief, willfully and
intentionally interfered with existing contracts between
[Plaintiff] and its clients.  Such conduct and loss of contractual

---

[33]Defendant's MTD, Docket Entry No. 45, p. 11.

relationships is the proximate cause of damages to" Plaintiff.[34]
Plaintiff fails to identify and plead the elements of tortious
interference: "(1) an existing contract subject to interference,
(2) a willful and intentional act of interference with the
contract, (3) that proximately caused the plaintiff's injury, and
(4) caused actual damages or loss." <u>Prudential Insurance Co. of
America v. Financial Review Services, Inc.</u>, 29 S.W.3d 74, 77 (Tex.
2000).

Regarding Plaintiff's claim under 15 U.S.C. § 1125(a) (which
Plaintiff titles "Unfair Competition") Plaintiff states that
Defendant "has made false or misleading representations in
commercial advertising and promotion of its services that
misrepresent the nature, characteristics, qualities and geographic
origin of its services" and that Defendant has "made
misrepresentations to others concerning [Plaintiff's] services."[35]
Plaintiff has failed to identify and plead the elements of a
§ 1125(a) claim: "(1) that the defendant made a false statement of
fact about its product in a commercial advertisement; (2) that the
statement actually deceived or has a tendency to deceive a
substantial segment of its audience; (3) the deception is likely to
influence the purchasing decision; (4) the defendant caused the
false statement to enter interstate commerce; and (5) the

---

[34]Complaint, Exhibit 2 to Notice of Removal, Docket Entry
No. 1-2, p. 4 ¶ 12.

[35]<u>Id.</u> ¶ 13.

-14-

plaintiff[] ha[s] been or [is] likely to be injured as a result."
<u>Logan v. Burgers Ozark Country Cured Hams Inc.</u>, 263 F.3d 447, 462
(5th Cir. 2001).  Plaintiff does not even identify what representa-
tions by Defendant are false statements of fact about its product.

Regarding Plaintiff's civil conspiracy claim, Plaintiff states
"[o]n information and belief, [Defendant] and certain of its
representatives conspired to breach their fiduciary obligations and
contractual covenants through the improper competition and
solicitation of [Plaintiff's] employees and clients while they
served as [Plaintiff's] agent. On information and belief
[Plaintiff's] principals and representatives had a meeting of the
minds in this regard which resulted in the unlawful breach of
[Defendant's] fiduciary obligations."[36]  Plaintiff has failed to
identify and plead the elements of a civil conspiracy:  (1) two or
more persons; (2) an object to be accomplished; (3) a meeting of
the minds on the object or course of action; (4) one or more
unlawful, overt acts; and (5) damages as a proximate result."
<u>Henkel,</u> 480 S.W.3d at 7.  Although Plaintiff's above explanation
explains some of the elements, Plaintiff must identify another
party that conspired with Defendant, cite factual allegations
showing a meeting of the minds and damages, and explain what act
was unlawful and why.

For these reasons, Plaintiff has failed to state a claim for
misappropriation of trade secrets, tortious interference with a

---

[36] <u>Id.</u> at 4-5 ¶ 14.

contract, unfair competition in violation of 15 U.S.C. § 1125(a), or civil conspiracy.  Defendant's Motion to Dismiss will therefore be granted as to the pleading adequacy of these claims.  Defendant does not challenge the pleading adequacy of Plaintiff's claims for breach of fiduciary duty and breach of contract.

Plaintiff asks to be allowed to amend its Complaint to fix any pleading deficiencies.[37]  "Generally, a district court errs in dismissing a complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."  Naglich v. Applied Optoelectronics, 436 F. Supp. 3d 954, 980 (S.D. Tex. 2020).  Dismissing the Complaint is only appropriate when it already "alleges the plaintiff's best case."  Id.  Given the brief factual allegations in the Complaint and the additional details offered in the Moore Affidavit, the court is not confident that Plaintiff has alleged its best case.  And although substantial time has passed since Defendant first pointed out the Complaint's deficiencies, the issue was never resolved because of settlement negotiations and disputes.  Moreover, Plaintiff has yet to file an amended complaint.  The court will allow Plaintiff until December 9, 2022, to file an amended complaint.  It should cite the elements for each claim, include supporting factual allegations, and explain how those allegations satisfy each element.

---

[37]Plaintiff's Response, Docket Entry No. 48, p. 10 ¶¶ 17-18.

-16-

### IV.   <u>Conclusion and Order</u>

For the reasons explained above, the court concludes that it has personal jurisdiction over Defendant in this case.  Defendant also has not shown that a change of venue under § 1404(a) is warranted.  For the reasons stated above, the court concludes that Plaintiff's claims for trade secret misappropriation, tortious interference with a contract, violation of 15 U.S.C. § 1125(a), and civil conspiracy are not adequately pleaded.  Defendant Medsthetics LLC's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim (Docket Entry No. 45) is therefore **DENIED** as to personal jurisdiction and change of venue and **GRANTED** as to failure to state a claim.  Plaintiff's claims for breach of fiduciary duty and breach of contract were not challenged in Defendant's Motion to Dismiss and are unaffected by this Memorandum Opinion and Order.

Given the age of this case, no additional motions to dismiss will be allowed.  The parties may file motions for summary judgment pursuant to the Docket Control Order (Docket Entry No. 44).

**SIGNED** at Houston, Texas, on this 22nd day of November, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-17-